UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

Plaintiff,

-against-

ENT AND ALLERGY ASSOCIATES, LLP (ENTAA), ET AL.,

Defendants.

26-CV-0285 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. He sues ENT and Allergy Associates, LLP (ENTAA), Guy Lin, M.D., Jason Moche, M.D., and Eric Smouha, M.D. By order dated July 14, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss a complaint filed IFP, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

The following facts are drawn from the complaint.[1] Plaintiff Amari Moody had been experiencing facial pressure and sinonasal symptoms for three months. Because of this, on January 16, 2025, Plaintiff saw Dr. Guy Lin, an otolaryngologist with ENTAA. Dr. Lin ordered a sinus CT scan and prescribed a systemic prednisone taper. At a January 23, 2025 follow-up, Dr. Lin reviewed the CT scan. Dr. Lin did not propose surgical evaluation, antibiotics, or other corrective intervention; instead, he performed turbinate steroid injections and added additional topical sprays. He also ordered an allergy consultation, despite prior negative allergy testing, and scheduled a three-month follow-up. Plaintiff contends that this treatment did not address his documented "ostiomeatal obstruction." (ECF 1 at 3.)

A few days later, on January 27, 2025, Dr. Jason Moche, who is also an otolaryngologist with ENTAA, evaluated Plaintiff. Dr. Moche had access to Plaintiff's CT findings and treatment history. He acknowledged that steroid injections had not been effective and prescribed additional topical therapies. Despite Plaintiff's facial pain, Dr. Moche did not document any "focal neurological deficits" or record a "trigeminal nerve assessment." (*Id.* at ¶ 25.)

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

After Plaintiff had sinus surgery, on March 25, 2025, Plaintiff sought evaluation for worsening symptoms from Dr. Eric Smouha, who is another otolaryngologist with ENTAA.[2] Dr. Smouha redirected Plaintiff back to the operating surgeon.

Plaintiff brings this action against ENTAA and Doctors Lin, Moche, and Smouha. He asserts that he "does not seek adjudication of medical malpractice." (*Id.* at 1, ¶ 2.) Instead, he brings four claims: (1) "failure of continuity of care"; (2) "procedural negligence and non-responsive care"; (3) "improper specialty deflection"; and (4) record deficiencies and informed-care deficiencies. (*Id.* at 4.) Plaintiff seeks damages.

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

[2] In *Moody v. The Mount Sinai Hosp.*, No. 25-CV-08859 (JHR) (VF) (S.D.N.Y.), Plaintiff alleges that on February 26, 2025, he underwent endoscopic sinus surgery performed by Dr. Satish Govindaraj at Mount Sinai Hospital. In *Moody v. Northwell Health, Inc.*, No. 26-CV-283 (LTS) (S.D.N.Y.), Plaintiff alleged that on May 7, 2025, Plaintiff was evaluated for symptoms following his surgery by Defendant providers affiliated with Northwell, Lenox Hill, and Concorde Medical Group. Plaintiff has also attempted to sue in this court numerous medical providers in Georgia in connection with his sinus issues, and most of those actions were transferred or dismissed for improper venue. *See Moody v. Suwanee Ear, Nose & Throat, P.C.*, No. 26-CV-1484 (S.D.N.Y.); *Moody v. Northside Hospital, Inc.*, No. 26-CV-1483 (S.D.N.Y. Apr. 28, 2026) (dismissed for improper venue); *Moody v. Northeast Georgia ENT, P.C.*, No. 26-CV-1481 (S.D.N.Y. May 15, 2026); *Moody v. Northeast Atlanta Ear, Nose & Throat, P.C.*, No. 26-CV-1480 (S.D.N.Y.); *Moody v. Emory Healthcare Inc.*, No. 26-CV-1478 (S.D.N.Y. May 15, 2026) (dismissed for improper venue and holding that plaintiff is barred, under 28 U.S.C. § 1651, from filing further actions *in forma pauperis*).

matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

**A. Federal Question Jurisdiction**

For the federal court to exercise federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without alleging any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff invokes the Court's federal question jurisdiction but he does not bring claims under any federal statutes, and there is no federal statute that obviously applies to these facts. Plaintiff thus fails to satisfy his burden of pleading facts showing that the Court has federal question jurisdiction of this action.

**B. Diversity Jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is

domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.*

A corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business, generally its headquarters, *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), and a limited liability company is deemed to be a citizen of each state of which its members are citizens, *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). *See also Moran v. Proskauer Rose LLP*, No. 1:17-CV-0423, 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017) (holding that a limited liability partnership retains the state citizenships of all of its members).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).[3]

Plaintiff provides an address for himself in Georgia but does not allege that he is domiciled there. Plaintiff alleges that ENTAA, which is a limited liability partnership, "operat[es]" in New York State (ECF 1 at 2, ¶ 7), but he does not plead facts about who the general or limited partners are or where they are domiciled. Plaintiff also does not allege facts about the domicile of any of the individual defendants. Plaintiff thus fails to plead facts establishing that the citizenship of the parties is diverse.

---

[3] *See also Weir v. Cenlar FSB*, No. 7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

### C. Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, a district court generally should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987).

Because Plaintiff may be able to allege additional facts establishing subject matter jurisdiction, the Court grants Plaintiff 30 days' leave to amend his complaint to replead facts showing that the Court has subject matter jurisdiction of this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Clerk of Court is directed to terminate all pending motions and to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 24, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.