UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

Plaintiff,

-against-

ENT AND ALLERGY ASSOCIATES, LLP; GUY LIN, M.D.; JASON MOCHE, M.D.; and ERIC SMOUHA, M.D.,

Defendants.

26-CV-0285 (ER)

ORDER OF SERVICE

EDGARDO RAMOS, United States District Judge:

Plaintiff, who resides in Georgia, brings this action *pro se*. Plaintiff asserts claims under Title III of the Americans with Disabilities Act and state law. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF 19.)

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall

[1] Although a summons and complaint generally must be served within 90 days of the date the complaint is filed, *see* Fed. R. Civ. P. 4(m), Plaintiff proceeds IFP and could not effect service until the Court reviewed the complaint and ordered that any summonses issue. The Court therefore extends the time to serve until 90 days after the date summonses issue.

If service is not effected within this 90-day period, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants ENT and Allergy Associates, LLP, Guy Lin, M.D., Jason Moche, M.D., and Eric Smouha, M.D. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses for these defendants and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each defendant.

The Court has reviewed Plaintiff's "Consolidated Motion For Relief From Judgment Pursuant To FRCP 60(b)(3), 60(b)(4), and 60(d)(3)" (ECF 17) and denies it as Plaintiff is not entitled to relief.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is directed to mail an information package to Plaintiff. Plaintiff's motion (ECF 17) is denied.

The Clerk of Court is instructed to issue a summons for each defendant, complete the USM-285 form with the address for each defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated: November 13, 2026
New York, New York

EDGARDO RAMOS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. ENT and Allergy Associates, LLP
   560 White Plains Road, Suite 500
   Tarrytown, NY 10591

2. Guy Lin, M.D.
   ENT and Allergy Associates Upper East Side
   150 E 58th St, 34th Floor
   New York NY 10155

3. Jason Moche, M.D.
   ENT & Allergy Associates Madison Avenue
   18 East 48th Street, 2nd Floor
   New York NY 10017

4. Eric Smouha, M.D.
   ENT & Allergy Associates Fifth Avenue
   261 Fifth Avenue, Suite 901
   New York NY 10016